# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JOHN J. WILSON,

      Plaintiff,

v.                                      **Civ. No. 10-345 JB/WDS**

JANNICE JOHNSON;
PROGRESSIVE INSURANCE,

      Defendants.

## MAGISTRATE JUDGE'S ANALYSIS
## AND RECOMMENDED DISPOSITION[1]

    **THIS MATTER** comes before me on an Order of Reference issued pursuant to 28 U.S.C. §§ 636(b)(1)(B), (b)(3), and *Virginia Beach Fed. Sav. & Loan Ass'n v. Wood*, 901 F.2d 849 (10th Cir. 1990), and directing me to "perform any legal analysis required to recommend to the Court an ultimate disposition" of any motions filed in this case. *See* Doc. 6. Before the Court is pro se plaintiff John J. Wilson's *Motion to Proceed in forma pauperis* ("IFP"), filed April 12, 2010. *See* Doc. 2. Before ruling on the motion, the Court must "review the affidavit and screen [Wilson's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

## I.    Applicable legal standards.

    Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a

---

[1] Within fourteen (14) days after a party is served with a copy of this analysis and recommended disposition, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such analysis and recommendation. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the analysis and recommendation. If no objections are filed, no appellate review will be allowed.

claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief."  § 1915(e).  "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action."  *Lister*, 408 F.3d at 1312.  A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).  But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to state a claim on which relief may be granted, it must be dismissed.  *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of such complaints is mandatory).

In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).  And as an initial matter, "[a] federal court must in every case, and at every stage of the proceeding, satisfy itself as to its own jurisdiction, and the court is not bound by the acts or pleadings of the parties." *Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628 F.2d 1289, 1301 (10th Cir. 1980).  "The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).

> Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction.  There are two statutory bases for federal subject-matter jurisdiction: diversity jurisdiction under 28 U.S.C. § 1332 and federal-question jurisdiction under 28 U.S.C. § 1331.

*Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003) (internal quotation marks and

2

citations omitted). To establish diversity jurisdiction, 28 U.S.C. § 1332(a) requires that the parties be "citizens of different States" and that the amount in controversy "exceed the sum or value of $75,000." There must be complete diversity between the parties, *i.e.*, no plaintiff and no defendant may be citizens of the same state. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). The presence of a non-diverse party automatically destroys federal diversity jurisdiction. *See id.* at 389. Allegations regarding diversity must be specific. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). "To determine whether a party has adequately presented facts sufficient to establish federal diversity jurisdiction, [] courts must look to the face of the complaint, ignoring mere conclusory allegations of jurisdiction." *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citations omitted).

## II. Analysis.

### A. Wilson has failed to establish subject-matter jurisdiction.

Wilson alleges that he is a New Mexico resident; that Johnson is a California resident, and that Progressive Insurance has offices both in New Mexico and in California. *See* Complaint at 1. His Complaint is entitled: "Complaint for Negligence," and arises from an automobile accident that occurred in California in December 2009, which allegedly was caused by Defendant Jannice Johnson's negligence. *Id.* Wilson asserts that he was injured in the accident, and that Progressive, which insures *Johnson*, has a "duty of reasonable care and responsibility to" those whom its insured injures. *Id.* at 2. He contends that Progressive's breach of that duty has cause "protracted treatment" and "unnecessary sufferings and subsequent damage." *Id.*

No federal question appears on the face of Wilson's Complaint, and Wilson contends that the Court has diversity jurisdiction over his case. *See id*. at 1. His Complaint, however, fails to

3

sufficiently allege diversity jurisdiction for two reasons.  First, Wilson does not allege an amount of damages or that the amount in controversy exceeds $75,000.

Second, the Complaint does not state what kind of entity Progressive is, where it was created or incorporated, or where it has its principle place of business.  Thus, the Complaint does not establish whether Progressive is a corporation, in which case it would be "deemed to be a citizen of any State to which it has been incorporated and of the  State where it has its principle place of business," 28 U.S.C. § 1332(c)(1), or whether it is "an unincorporated association organized under the insurance laws" of the state where it was created, which would mean that its citizenship, "for purposes of diversity jurisdiction, is the citizenship of [each] of its members."  *Tuck v. United Serv. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988).  If Progressive is a citizen of both California and New Mexico, as implied in the Complaint, there is not complete diversity between Wilson and Progressive, and diversity jurisdiction is foreclosed.

Because neither the required amount in controversy nor complete diversity of the parties is present on the face of Wilson's Complaint, he has failed to invoke the subject-matter jurisdiction of this Court and his Complaint must be dismissed without prejudice.  *See* FED. R. CIV. P. 12(h).

**B.  Wilson should not be allowed to amend his Complaint to allege sufficient facts to establish diversity jurisdiction.**

When it is in the interests of fairness, a court may give a plaintiff an opportunity to amend his Complaint to include a jurisdictional amount or sufficient allegations regarding diversity of citizenship.  I do not recommend allowing Wilson to amend his Complaint for two reasons.

A district court may consider personal jurisdiction and venue *sua sponte* "when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).   The face of the Complaint establishes

4

that the automobile accident giving rise to Wilson's suit occurred in California, and there are no other factual allegations connecting Johnson, who is a California resident, to New Mexico.  As a matter of law, therefore, this Court would not have personal jurisdiction over Johnson because it cannot reasonably be said that Johnson "purposefully [availed herself] of the privilege of conducting activities within [New Mexico]" by causing an accident in California.  *See id.* at 1220.  Thus, even if Wilson could allege diversity jurisdiction, this Court would have no authority to hale her into court to assert personal jurisdiction over her.  *See id.*

Further, even if Wilson could allege facts to show diversity, venue is proper in New Mexico only if it is where "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." 28 U.S.C. § 1391(b)(2).  Because all of the events giving rise to Wilson's claim against Johnson occurred in California, the District of New Mexico is not the proper venue to bring this action.  *See Trujillo*, 465 F.3d at 1220; *Moss v. Chrones*, No. 06-4209, 241 Fed. Appx. 461, 462, 2007 WL 1492335, **1 (10th Cir. May 23, 2007) (affirming *sua sponte* dismissal of pro se civil-rights case for lack of proper venue).

Finally, under either New Mexico or California law, Wilson may not bring a direct action against Progressive for failure to settle his claim against Johnson unless and until Johnson's liability to Wilson has been judicially established.  *See, e.g.*, *Hovet v. Allstate Ins. Co.*, 135 N.M. 397, 404, 89 P.3d 69, 77 (2004) (holding that an "action for unfair claims practices based on failure to settle may only be filed after the conclusion of the underlying negligence litigation, and after there has been a judicial determination of fault in favor of the third party and against the insured"); *Moradi-Shalal v. Fireman's Fund Ins. Cos.*, 46 Cal.3d 287, 306, 758 P.2d 58, 69 (1988) (holding that "there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer" for its alleged bad-faith failure to settle an insurance

claim).   Wilson would have to amend his complaint, therefore, to delete his claims against Progressive.

## RECOMMENDED DISPOSITION

I recommend dismissing without prejudice Wilson's Complaint for lack of subject-matter jurisdiction under FED. R. CIV. P. 12(h).

_____

**UNITED STATED MAGISTRATE JUDGE**