**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JOHN J. WILSON,

    Plaintiff,

v.                                                      No. CIV 10-0345 JB/WDS

JANNICE JOHNSON;
PROGRESSIVE INSURANCE,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Magistrate Judge's Analysis and Recommended Disposition, filed May 11, 2010 (Doc. 7)("A&RD"). Concurrently with his *pro se* Complaint, Plaintiff John J. Wilson filed a motion to proceed *in forma pauperis*. The Magistrate Judge analyzed Wilson's Complaint under 28 U.S.C. §§ 1915(a) and (e), and has recommended that, based on insufficient jurisdictional pleadings, the Court should dismiss the Complaint without prejudice. See A&RD at 4-6; Lister v. Dep't of Treasury, 408 F.3d 1309, 1311 (10th Cir. 2005). The Court has reviewed the record and the Magistrate Judge's A&RD *de novo*, and, although Wilson did not timely file objections[1] to the A&RD, and the Magistrate Judge's legal analysis is

---

[1] On June 2, 2010, after the time for filing objections had passed, Wilson filed a document styled "Motion for Injunctive Relief and Against Abuse of Discretion." Doc. 8. Wilson's arguments therein are all aimed at his *in forma pauperis* application and the disadvantage he perceives that he has because of his lesser resources. Wilson does not address the Magistrate Judge's jurisdictional concerns except to assert that the statutes governing *in forma pauperis* plaintiffs permit Wilson to bring his action "in any court of the United States." Motion for Injunctive Relief at 3. His authority, however, appears to stand only for the proposition that the *in forma pauperis* statute applies in any federal court, and not for the proposition that *in forma pauperis* status can substitute for proper jurisdiction and venue. See Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 342 (1948). The Court will not resolve Wilson's motion in this Memorandum Opinion and Order -- or treat it as objections to the A&RD -- because it was untimely and does not address the issues that the A&RD raises.

substantially correct, the Court rejects the Magistrate Judge's ultimate recommendation.

The jurisdictional allegations in Wilson's Complaint are comprised solely of this paragraph:

> Comes now plaintiff who states as follows: the court has jurisdiction due to diversity of citizenship and the amount demanded. The plaintiff resides in the state of New Mexico, the defendant Jannice Johnson resides in the state of California, the defendant Progressive has offices in the state of California as well as New Mexico. To the best of pro se plaintiff [sic] knowledge and belief the court is also the proper venue.

Complaint for Negligence at 1, filed April 12, 2010 (Doc. 1). The Court agrees with the Magistrate Judge's assessment of the deficiencies in the Complaint. Wilson fails to allege the nature of Defendant Progressive Insurance as a business entity or attempt to allege the states of which Progressive is a citizen. Wilson also fails to allege an amount in controversy. And while Wilson alleges the residency of himself and Defendant Jannice Johnson, he fails to allege his or Johnson's citizenship. See McEntire v. Kmart Corp., No. CIV 09-0567 JB/LAM, 2010 WL 553443, at **8-9 (D.N.M. Feb. 9, 2010)(Browning, J.)(explaining that allegations of residence in a notice of removal are insufficient to establish diversity, which requires averments of citizenship, but allowing amendment). The allegations are thus deficient because the Court cannot determine whether there exists diversity jurisdiction -- the only form of federal jurisdiction Wilson asserts.

The Court disagrees, however, that these deficiencies warrant dismissal under 28 U.S.C. § 1915(e). As the Magistrate Judge recognized: "[w]hen it is in the interest of fairness, a court may give a plaintiff an opportunity to amend his Complaint to include a jurisdictional amount or sufficient allegations regarding diversity of citizenship." A&RD at 4. See Perkins v. Kan. Dep't of Corr., 165 F.3d 803, 806 (10th Cir. 1999)(stating that a 28 U.S.C. § 1915(e)(2) dismissal for failure to state a claim is proper only where it would be futile to give an opportunity to amend); Fry Bros. Corp. v. Dep't of Hous. & Urban Dev., 614 F.2d 732, 733 (10th Cir. 1980)(noting, without

question, the trial court's decision to dismiss a complaint for want of jurisdiction "with leave to amend to properly plead jurisdiction"); Shell v. Am. Family Rights Ass'n, No. 09-CV-00309-MSK-KMT, 2010 WL 1348548, at *14 n.19 (D. Colo. Mar. 31, 2010)("Normally, the Court affords a plaintiff an opportunity to amend the complaint to cure any pleading deficiencies."). The Court finds that it would be in the interest of fairness to allow Wilson to amend his Complaint to cure these likely formalistic deficiencies and proceed to have the merits of his Complaint heard. The Court cannot fairly, in the interest of justice, ignore the realities of the situation that Wilson possibly and probably faces.

Wilson does not allege his amount in controversy, but the injuries in a car accident case will frequently exceed $75,000.00 if the physical injuries were substantial and/or involved hospitalization. Wilson does not allege what kind of entity Progressive is, but a quick look through Progressive's website and its SEC filings discloses that it is an Ohio corporation with its principal place of business in Ohio. See SEC Form 8-K of The Progressive Corporation (dated May 19, 2010); Progressive Auto Insurance - Corporate Governance, http://investors.progressive.com/governance.aspx (last visited June 2, 2010). Wilson does not allege his own citizenship or that of Johnson, but it is probable that they are New Mexico and California citizens, respectively, making Wilson diverse from both Johnson and Progressive.[2] The Court agrees that the facts as stated in the

---

[2] The Magistrate Judge concluded that New Mexico and California law may bar Wilson from bringing his action directly against Progressive unless and until he establishes Johnson's liability. See A&RD at 5 (citing Hovet v. Allstate Ins. Co., 135 N.M. 397, 404, 89 P.3d 69, 77 (2004)(holding that an "action for unfair claims practices based on failure to settle may only be filed after the conclusion of the underlying negligence litigation, and after there has been a judicial determination of fault in favor of the third party and against the insured."); Moradi-Shalal v. Fireman's Fund Ins. Cos., 46 Cal. 3d 287, 306, 758 P.2d 58, 69 (1988)(holding that "there must be a conclusive judicial determination of the insured's liability before the third party can succeed in an action against the insurer" for its alleged bad-faith failure to settle an insurance claim)). See also Textron Fin. Corp. v. Nat'l Union Fire Ins. Co., 118 Cal. App. 4th 1061, 13 Cal. Rptr. 3d 586 (App. 4th Dist. 2004)

Complaint appear to demonstrate that the Court lacks personal jurisdiction over Johnson and that the District of New Mexico will be an improper venue for this suit, but both of those deficiencies are potentially waivable and would not stop the Court from entering judgment for Wilson if Johnson answers and fails to raise the appropriate objections. The Court therefore rejects the A&RD in part and orders Wilson to file a corrected Complaint within ten days of the entry of this order. That Complaint must correct the deficiencies that the Magistrate Judge addressed in the A&RD. If Wilson fails to timely file the corrected Complaint, or Wilson's corrections do not cure the Complaint's deficiencies to the Court's satisfaction, the Court will reconsider this order and order that the A&RD be adopted.

**IT IS ORDERED** that: (i) the Magistrate Judge's Analysis and Recommended Disposition is rejected in part; (ii) the Complaint is dismissed without prejudice; (iii) Wilson must file an Amended Complaint within ten days of the entry of this order curing the deficiencies addressed in the Magistrate Judge's A&RD; and (iv) if the Amended Complaint is not timely filed, or the amendments do not cure its deficiencies, the Court will adopt the A&RD in its entirety and dismiss Wilson's Complaint without prejudice and without further opportunity to amend.

_____
UNITED STATES DISTRICT JUDGE

---

(holding that "Moradi-Shalal held the Unfair Insurance Practices Act (Ins. Code, § 790 *et seq.*; UIPA) does not create a private cause of action against insurers who violate its provisions. This rule applies to both first party and third party claims.")(internal citations omitted). Wilson may want to consider removing Progressive as a defendant at this point in the case and proceeding against Johnson only.

*Parties*:

John J. Wilson
Albuquerque, New Mexico

    *Plaintiff pro se*